## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ISAURO RAMIREZ,<br><br>Defendant. | Criminal No. 04-497 (JRT/RLE)<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Michelle Jones, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Scott F. Tilsen, Assistant Federal Public Defender, **OFFICE OF THE FEDERAL PUBLIC DEFENDER**, 107 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendant.

Defendant Paul Isauro Ramirez is charged with one count of being a Felon in Possession of Ammunition, in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(e)(1). This matter is currently before the Court on defendant's objections to United States Magistrate Judge Raymond L. Erickson's recommendation that defendant's motions to dismiss for vindictive prosecution and outrageous governmental conduct and to suppress evidence obtained as a result of search and seizure be denied, and on defendant's appeal of the Magistrate Judge's Order denying defendant's motion to compel the government to comply with the Petite policy. The Court has conducted a *de novo* review of defendant's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the following

reasons the Court overrules the defendant's objections and adopts the Magistrate Judge's recommendation and, further, affirms the Magistrate Judge's Order.

## BACKGROUND

Defendant was arrested by the Wadena County Sheriff's Office in June 2002 following a search of his home that, apparently, resulted in the recovery of a shotgun shell and a shotgun slug. The search was conducted pursuant to a warrant. Based on this evidence, defendant was convicted in state court of being an ineligible person in possession of a firearm, but his conviction was subsequently reversed. Approximately one year later, defendant was indicted on a federal charge of being a felon in possession of ammunition based on the evidence gathered in June 2002.

Defendant moved the Court to suppress the evidence seized in the search on the basis that the warrant was inadequately supported; to dismiss the indictment for violation of the Fifth and Sixth Amendments, the Speedy Trial Act, and prosecutorial vindictiveness; and to order the government to comply with the Petite Policy. For the following reasons, the Court agrees that the Magistrate Judge properly recommended denial or denied all of these motions.

## ANALYSIS

**I.     MOTION TO SUPPRESS**

Defendant disagrees with the Magistrate Judge's conclusion that the information contained in the affidavit in support of the search warrant was sufficient to support issuance of the warrant. The Court agrees with the Magistrate Judge that the affidavit's indication that defendant has a felony criminal conviction, and that an apparently reliable eyewitness heard

gunshots and saw defendant holding a firearm near his residence provided, in this case, a substantial basis for concluding that evidence of a crime would be uncovered in defendant's residence. *See Illinois v. Gates*, 462 U.S. 213, 236, 238 (1983).

## II.   MOTION TO DISMISS

### A.   Fifth Amendment Double Jeopardy

Defendant acknowledges that the Magistrate Judge's conclusion that the Fifth Amendment's double jeopardy clause is not violated where a state and the federal government bring separate prosecutions for the same criminal behavior is squarely supported by current precedent. However, defendant states that he "intends to pursue the position that the U.S. Supreme Court should and will reverse its previous precedent relating to separate sovereigns in this area." (Def.'s Objs. at 7.) The Court is obligated to follow the law as it stands currently.

### B.   Fifth Amendment Right to a Prompt Prosecution and Sixth Amendment Right to a Speedy Trial

Defendant notes the Magistrate Judge's determination that the defendant's Fifth Amendment due process and Sixth Amendment speedy trial rights were not violated by the period of time elapsed before defendant's federal indictment and trial, but points to no specific flaw in the Magistrate Judge's reasoning or determination. Such a statement does not constitute the specific identification of the portion of the report to which objection is made or basis for that objection contemplated by the Federal Rules of Criminal Procedure and the

Local Rules. *See* Fed. R. Crim. P. 45(a); D. Minn. L.R. 72.1(c)(2). Accordingly, the Court will adopt the recommendation of the Magistrate Judge with respect to these two issues.

### C. Speedy Trial Act

The Speedy Trial Act applies only to the period of time between federal indictment or arraignment and trial, unless the defendant can demonstrate that other proceedings to which the Act does not apply, such as a state criminal prosecution, were merely a ruse to violate or evade the requirements of the Act. *See United States v. Yerkes*, 345 F.3d 558, 561 (8th Cir. 2003) (describing requirements of the Speedy Trial Act); *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998) (stating that the burden of proving a Speedy Trial Act violation rests on the defendant); *United States v. Grajales-Montoya*, 117 F.3d 356, 366 (8th Cir. 1997) (noting the possibility of a Speedy Trial Act violation where federal officials, solely to evade the Act, have colluded with civil authorities to arrange defendant's detention pending federal criminal charges). As the burden of proof falls on the defendant, the Court finds that defendant's objection that the government should be required to demonstrate the propriety or impropriety of the timing of the federal indictment to be without merit.

### D. Retaliatory Prosecution

In order to prevail on a claim of retaliatory prosecution, the defendant bears the heavy burden of establishing a reasonable likelihood of vindictiveness. *See United States v. Campbell*, 410 F.3d 456 (8th Cir. 2005). The mere fact of a federal prosecution after a state prosecution is insufficient to establish a reasonable likelihood of vindictiveness. *See United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004); *see also United States v. Beede*, 974 F.2d

948, 950-51 (8th Cir. 1992) (discussing the high bar for establishing a claim of prosecutorial vindictiveness and listing instances in which such a claim has failed).  As above, in light of the fact that the burden of proof falls on the defendant, the Court finds that defendant's objection that the government should be required to demonstrate the propriety or impropriety of this action to be without merit.  Because defendant has shown nothing more than the mere fact of a state prosecution followed by a federal prosecution, the Court finds no evidence of retaliatory prosecution in this case.

### III.  MOTION TO COMPEL

As the defendant notes, the Petite Policy is an internal requirement imposed by the Executive Branch upon itself that is not subject to judicial review.  Accordingly, the Court will not order the government to demonstrate its compliance with the policy.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objection [Doc. No. 32] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. No. 26] and **AFFIRMS** the Magistrate Judge's Order [Doc. No. 25].  Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to compel government to comply with Petite Policy [Doc. No. 20], motion suppress evidence [Doc. No. 15] and motion to dismiss [Doc. No. 18] are **DENIED**.

DATED:   September 7, 2005　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge